# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STICKLER,<br><br>                                Plaintiff,<br>   vs.<br><br>INTERNAL REVENUE SERVICE,<br><br>                               Defendant. | CASE NO. 12-CV-68-LAB-BGS<br><br>**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*, DENYING MOTION FOR COUNSEL, AND DISMISSING CASE** |

Ms. Stickler filed this case against the IRS in January of this year. Now pending are her Motion to Proceed IFP and Motion to Appoint Counsel.

**I.    IFP Motion**

All parties instituting a civil action in a district court of the United States, except for habeas petitioners, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). A party is excused from paying the fee, however, if the Court grants leave to proceed IFP pursuant to 28 U.S.C. 1915(a). Ms. Stickler has submitted an IFP application that sufficiently demonstrates her inability to pay the $350 filing fee. She was last employed in December of 2009, has no savings or other assets, and appears to rely on churches for assistance. Her Motion to Proceed *In Forma Pauperis* is therefore **GRANTED**.

/ / /

/ / /

- 1 -

II.   **Initial Screening**

Pursuant to 28 U.S.C. § 1915(e), the Court must screen each civil action commenced pursuant to 28 U.S.C. § 1915(a) and dismiss the action if the Court finds it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 45 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

The Court finds that Ms. Stickler's complaint is frivolous and fails to state a claim upon which relief can be granted.  Ms. Stickler concedes she has been labeled a vexatious litigant, and her complaint consists of two-handwritten pages in which, among other things, she claims she has asked San Diego police to arrest IRS agents and "the President of U.S.A. who may be part of it."  Ms. Stickler attaches to her complaint numerous pages from the IRS's website for which her complaint provides no context at all.  Her case is **DISMISSED WITHOUT PREJUDICE**.

III.  **Motion to Appoint Counsel**

There is no absolute right to counsel in civil proceedings. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994).  District courts do have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to request that an attorney represent indigent civil litigants, but that requires a substantial showing that Ms. Stickler does not make.  Her motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 14, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge